**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

UATP IP, LLC, a Texas Limited Liability Company,

Plaintiff,

v.

URBAN ZONE, INC., a New York Domestic Business Corporation,

Defendant.

Case No. ___________________

**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND FALSE ASSOCIATION, UNFAIR COMPETITION, AND ANTICYBERSQUATTING**

**JURY TRIAL DEMANDED**

Plaintiff UATP IP, LLC ("UATP"), for its Complaint against Defendant Urban Zone, Inc. ("Urban Zone"), states and alleges as follows.

## PARTIES

1. UATP is a Texas limited liability company having a principal place of business at 5900 Balcones Dr., Suite 100, Austin, Texas 78731.

2. Upon information and belief, Urban Zone is a New York Domestic Business Corporation having its principal place of business at 510 Industry Rd., Staten Island, New York 10314.

## JURISDICTION AND VENUE

3. This action arises under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq.* and under the statutory and common law of the State of New York. The infringing acts of Urban Zone, as complained of herein, were committed in this District and have caused and

continue to cause UATP injury in this District.

4. This Court has original subject matter jurisdiction under over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. Section 1331, 28 U.S.C. § 1338(a), 28 U.S.C. § 1338(b). The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 because they are so related to the federal claims that they form part of the same case or controversy.

5. This Court has general and specific personal jurisdiction over Urban Zone because Urban Zone has committed, and continues to commit, acts of trademark infringement, in this District, has purposely availed itself of the benefits and privileges of conducting business in this District, has engaged in continuous and systematic activities in this District, and/or, upon information and belief, Urban Zone's principal place of business is in Staten Island, New York.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Urban Zone has a regular and established place of business in this District, has committed acts of trademark infringement in this District, and is subject to personal jurisdiction in this District.

## GENERAL ALLEGATIONS

7. UATP is engaged in interstate commerce in the business of franchising and operating indoor amusement parks, among other services, throughout the United States.

8. In 2011, UATP opened its first indoor amusement park under the brand "URBAN AIR" in Southlake, Texas, and has since expanded throughout the United States. UATP currently has 350 open or planned development locations for the URBAN AIR brand of indoor amusement parks.

9. In connection with its development, management, and operation of the URBAN AIR brand of indoor amusement parks, UATP applied for and obtained a federal trademark

registration on the Principal Register for the mark URBAN AIR ADVENTURE PARK®, the same being U.S. Registration No. 5,371,211, for:

> Clothing, namely, T-shirts; headwear, namely, caps, hats, beanies; and
>
> Children's entertainment and amusement centers, namely, interactive play areas; entertainment in the nature of indoor trampoline park; [ conducting fitness classes; providing physical fitness instruction, classes and exercise facilities and service, namely, indoor and outdoor fitness instruction utilizing trampolines; ] entertainment services, namely, arranging and conducting special events at a trampoline park; entertainment in the nature of providing entertainment and amusement centers, namely, interactive play areas featuring trampoline areas made from multiple incorporated trampolines, arcades, and play areas; entertainment services, namely, conducting contests and tournaments on trampolines; entertainment services, namely, arranging and conducting special events at entertainment and amusement centers.

A true and correct copy of the registration certificate evidencing UATP's registration and ownership is attached as **Exhibit A**.

10. The U.S. Patent and Trademark Office granted the registration for UATP's URBAN AIR ADVENTURE PARK® mark on May 9, 2017.

11. UATP first used the mark URBAN AIR ADVENTURE PARK® in interstate commerce at least as early as February 1, 2016.

12. UATP has continuously used the mark URBAN AIR ADVENTURE PARK® in interstate commerce in connection with its development, management, and operation of indoor amusement parks since its first use and continues to use the mark through the present date.

13. Additionally in connection with its development, management, and operation of the URBAN AIR brand of indoor amusement parks, UATP applied for and obtained a federal trademark registration on the Principal Register for the mark URBAN AIR®, the same being U.S. Registration No. 6,067,884, for:

> Headwear for adults, children, women, men; T-shirts for adults, children, women, men; and

> Children's entertainment and amusement centers, namely, interactive play areas; entertainment in the nature of indoor park with attractions in the nature of trampolines, play equipment, climbing walls and equipment, obstacle courses, ropes courses and zip coasters; entertainment services, namely, arranging and conducting special events at an entertainment and amusement park; entertainment in the nature of providing entertainment and amusement centers, namely, interactive play areas featuring trampoline areas made from multiple incorporated trampolines, arcades, and play areas; entertainment services, namely, conducting contests and tournaments on trampolines.

A true and correct copy of the registration certificate evidencing UATP's registration and ownership is attached as **Exhibit B**.

14. The U.S. Patent and Trademark Office granted the registration for UATP's URBAN AIR® mark on June 2, 2020.

15. UATP first used the mark URBAN AIR® in interstate commerce at least as early as May 31, 2011.

16. UATP has continuously used the mark URBAN AIR® in interstate commerce in connection with its development, management, and operation of indoor amusement parks since its first use and continues to use the mark through the present date.

17. Additionally in connection with its development, management, and operation of the URBAN AIR brand of indoor amusement parks, UATP applied for and obtained a federal trademark registration on the Principal Register for the mark urbanAir ADVENTURE PARK®, the same being U.S. Registration No. 6,901,733, for:

> Clothing, namely, t-shirts; headwear; and

> Children's entertainment and amusement centers, namely, interactive play areas; entertainment in the nature of indoor trampoline park; conducting fitness classes; providing physical fitness instruction, classes and exercise facilities and service, namely, indoor and outdoor fitness instruction utilizing trampolines; entertainment services, namely, arranging and conducting special events at a trampoline park; entertainment in the nature of providing entertainment and amusement centers, namely, interactive play areas featuring trampoline areas made from multiple incorporated trampolines, and play areas; Entertainment services, namely,

> conducting contests and tournaments on trampolines; Entertainment services, namely, arranging and conducting special events at entertainment and amusement centers.

A true and correct copy of the registration certificate evidencing UATP's registration and ownership is attached as **Exhibit C**.

18. The U.S. Patent and Trademark Office granted the registration for UATP's urbanAir ADVENTURE PARK® mark on November 15, 2022.

19. UATP first used the mark urbanAir ADVENTURE PARK® in interstate commerce at least as early as May 31, 2020.

20. UATP has continuously used the mark urbanAir ADVENTURE PARK® in interstate commerce in connection with its development, management, and operation of indoor amusement parks since its first use and continues to use the mark through the present date.

21. Additionally in connection with its development, management, and operation of the URBAN AIR brand of indoor amusement parks, UATP applied for and obtained a federal trademark registration on the Principal Register for the mark URBAN AIR TRAMPOLINE PARK®, the same being U.S. Registration No. 4,807,427, for:

> Children's entertainment and amusement centers, namely, interactive play areas; entertainment in the nature of indoor trampoline park; conducting fitness classes; providing physical fitness instruction, classes and exercise facilities and service, namely, indoor and outdoor fitness instruction utilizing trampolines; entertainment services, namely, arranging and conducting special events at a trampoline park; entertainment in the nature of providing entertainment and amusement centers, namely, interactive play areas featuring trampoline areas made from multiple incorporated trampolines, arcades, and play areas; Entertainment services, namely, conducting contests and tournaments on trampolines; Entertainment services, namely, arranging and conducting special events at entertainment and amusement centers.

A true and correct copy of the registration certificate evidencing UATP's registration and ownership is attached as **Exhibit D**.

22. The U.S. Patent and Trademark Office granted the registration for UATP's URBAN AIR TRAMPOLINE PARK® mark on September 8, 2015.

23. UATP first used the mark URBAN AIR TRAMPOLINE PARK® in interstate commerce at least as early as May 31, 2011.

24. UATP has continuously used the mark URBAN AIR TRAMPOLINE PARK® in interstate commerce in connection with its development, management, and operation of indoor amusement parks since its first use and continues to use the mark through the present date.

25. Collectively, the Registration No. 6,067,884 for URBAN AIR®, Registration No. 5,371,211 for URBAN AIR ADVENTURE PARK®, Registration No. 6,901,733 for , and Registration No. 4,807,427 for URBAN AIR TRAMPOLINE PARK, are referred to hereinafter as the "Urban Air Marks."

26. UATP registered the domain urbanair.com on July 13, 2002, and has advertised its goods and services related to the development, management, and operation of indoor amusement parks on a website for such domain and displayed and promoted the Urban Air Marks continuously since.

27. UATP registered the domain urbanairtrampolinepark.com on March 3, 2011, and has advertised its goods and services related to the development, management, and operation of indoor amusement parks on a website for such domain and has displayed and promoted the Urban Air Marks continuously since.

28. UATP registered the domain urbanairadventurepark.com on August 15, 2016, and has advertised its goods and services related to the development, management, and operation of

indoor amusement parks on a website for such domain and has displayed and promoted the Urban Air Marks continuously since.

29. The Urban Air Marks are distinctive, and consumers seeking goods and services related to indoor amusement parks come to recognize and rely on the Urban Air Marks as identifying UATP as the source of goods and services related to indoor amusement parks.

30. UATP has spent considerable sums of money promoting and protecting the Urban Air Marks as a sign of quality, good will, and exceptional goods and services related to indoor amusement parks, and UATP has generated substantial good will over the past several years in association with the Urban Air Marks.

31. Urban Zone is engaged in interstate commerce in the business of goods and services related to developing, operating, managing, and/or promoting an indoor trampoline and adventure park under the names URBAN ZONE and URBAN ZONE ADVENTURE PARK.

32. Urban Zone started using the names URBAN ZONE and URBAN ZONE ADVENTURE PARK after UATP's first use in commerce of the Urban Air Marks and UATP's date of priority established by the filing for registration for the Urban Air Marks. Urban Zone started its use without UATP's authorization and consent.

33. Urban Zone's use of its logo and the names URBAN ZONE and URBAN ZONE ADVENTURE PARK is confusingly similar to the Urban Air Marks. Urban Zone essentially adopted the well-known Urban Air Marks and inserted the single word "zone."

34. Urban Zone's logo including three children jumping on a trampoline is confusingly similar to a prior UATP logo, which also includes three children jumping on a trampoline. In addition, both logos include a similar orange color motif:

The Urban Zone Logo: UATP's Prior Logo:

35. Upon information and belief, Urban Zone registered and/or caused to be registered the domain urbanzonenyc.com ("Infringing Domain") on May 13, 2025, over twenty years after UATP registered its first URBAN-formative domain, urbanair.com.

36. In connection with developing, operating, managing, and/or promoting an indoor trampoline and adventure park, Urban Zone has incorporated, or has caused to be incorporated, "Urban" into the Infringing Domain.

37. UATP has not authorized Urban Zone to register, traffic in or use a domain name made up of a confusingly similar variation of the Urban Air Marks.

38. Urban Zone advertises its goods and services on the Internet at a website resolving from the Infringing Domain. The website uses the names URBAN ZONE and URBAN ZONE ADVENTURE PARK, both of which are confusingly similar to the Urban Air Marks, in order to capitalize on the goodwill of the Urban Air Marks.

39. Upon information and belief, Urban Zone's use of the Infringing Domain diverts consumers from UATP's online location for commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of that website.

40. The services advertised in connection with Urban Zone's use of the word "Urban" include development, management and operation of indoor amusement parks and are the same or substantially related to, and are competitive with, UATP's development, management, and operation of indoor amusement parks.

41. UATP has not authorized Urban Zone's use of the URBAN ZONE and URBAN

ZONE ADVENTURE PARK names in connection with the development, management, or operation of such indoor amusement parks.

42. Upon information and belief, Urban Zone had knowledge of UATP's federally registered Urban Air Marks when it started using the URBAN ZONE and URBAN ZONE ADVENTURE PARK names, and has willfully and intentionally used and continued to use such names and colorable imitations thereof in its advertising to cause confusion or mistake, or otherwise deceive consumers as to Urban Zone's affiliation, connection or association with UATP, or otherwise cause a likelihood of confusion, to lure customers to its competing facility.

43. Upon information and belief, Urban Zone has no rights in or to any trademark or name that is similar to the Infringing Domain.

44. Upon information and belief, Urban Zone has no legitimate purpose for registering the Infringing Domain and did so only with bad faith intent to profit from the goodwill in the Urban Air Marks and from use of the Infringing Domain as set forth herein.

45. On or around July 29, 2025, UATP sent a cease-and-desist letter to Urban Zone, demanding that Urban Zone (a) immediately cease and desist using the Urban Air Marks or any confusingly similar mark in conjunction with Urban Zone's indoor amusement parks and related goods and services; and (b) transfer the Infringing Domain to UATP. *See* **Exhibit E**.

46. On or around August 8, 2025, Urban Zone responded through counsel explaining that Urban Zone would not stop its unlawful uses of the Infringing Domain and the URBAN ZONE and URBAN ZONE ADVENTURE PARK names. *See* **Exhibit F**.

47. Urban Zone continues to willfully and wantonly use the Urban Air Marks in interstate commerce for the same or substantially related services as UATP.

48. Urban Zone's acts are causing, and unless restrained, will continue to cause damage

and immediate irreparable harm to UATP and to its valuable reputation and goodwill with the consuming public for which UATP has no adequate remedy at law.

49. Urban Zone is profiting and will continue to profit from its unlawful actions.

50. Urban Zone's actions are causing and will continue to cause UATP monetary damage in an amount presently unknown, but to be determined at trial.

**COUNT I**

**(Trademark Infringement Under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114)**

51. The allegations set forth in the preceding paragraphs are incorporated herein by reference.

52. UATP is the owner of the valid registered Urban Air Marks.

53. UATP is the prior user of the Urban Air Marks and started using the Urban Air Marks many years before Urban Zone started using the URBAN ZONE and URBAN ZONE ADVENTURE PARK names.

54. The Urban Air Marks and the goodwill of the businesses associated with them are of significant value, are highly distinctive, and have become well-associated with Urban Air and its provision of high-quality and industry-leading development, management, and operation of indoor amusement parks.

55. The URBAN ZONE and URBAN ZONE ADVENTURE PARK names and the Urban Air Marks are similar in sight, sound, meaning, and overall commercial impression.

56. The services offered and sold by UATP in connection with the Urban Air Marks, and the services offered by Urban Zone under the URBAN ZONE and URBAN ZONE ADVENTURE PARK names, are offered and rendered through similar channels of trade to similar consumers.

57. The services offered and sold by Urban Zone under the URBAN ZONE and URBAN ZONE ADVENTURE PARK names are in the same industry as UATP's goods and services.

58. Urban Zone's use of the URBAN ZONE and URBAN ZONE ADVENTURE PARK names in connection with its advertising, promotion, marketing, and sale, is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Urban Zone's goods and services are associated with, sponsored by, approved by, or affiliated with UATP, when they are not.

59. Upon information and belief, Urban Zone's actions were taken with the intent to trade upon UATP's reputation and goodwill by causing confusion and mistake among consumers and the public and to deceive the public into believing that Urban Zone's goods and services are associated with, sponsored by, approved by, or affiliated with UATP, when they are not.

60. Upon information and belief, Urban Zone profited from its infringement of the Urban Air Marks.

61. UATP has not consented to Urban Zone's use of the URBAN ZONE and URBAN ZONE ADVENTURE PARK names.

62. The activities of Urban Zone complained of herein constitute willful and intentional infringement in violation of 15 U.S.C. § 1114.

63. Urban Zone, by its actions, has damaged UATP in an amount to be determined at trial.

64. Urban Zone has irreparably injured UATP by its actions. Such irreparable injury will continue unless Urban Zone is preliminarily and permanently enjoined by this Court from further violation of UATP's rights, for which UATP has no adequate remedy at law.

65. This is an exceptional case, entitling UATP to an award of attorneys' fees and other costs under 15 U.S.C. § 1117(a).

**COUNT II**

**(Unfair Competition, False Designation of Origin, and False Association Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a))**

66. The allegations set forth in the preceding paragraphs are incorporated herein by reference.

67. Urban Zone's misconduct described herein constitutes unfair competition, false designation or origin, and/or false association in violation of 15 U.S.C. § 1125(a)(1)(A).

68. Urban Zone's use of the URBAN ZONE and URBAN ZONE ADVENTURE PARK names in connection with its advertising, promotion, marketing, and sale, is likely to cause confusion, or to cause mistake, or to deceive the relevant public because Urban Zone falsely represents that its goods and services are authorized, sponsored, or approved by, or are affiliated with, UATP.

69. UATP has suffered, and will continue to suffer, irreparable harm from Urban Zone's acts and conduct complained of herein, unless enjoined by the Court.

70. UATP has been damaged by the acts of Urban Zone in an amount to be proven at trial.

71. This is an exceptional case, entitling UATP to an award of attorneys' fees and other costs under 15 U.S.C. § 1117(a).

**COUNT III**

**(Trademark Infringement and Unfair Competition Under New York Common Law)**

72. The allegations set forth in the preceding paragraphs are incorporated herein by

reference.

73. UATP owns all rights, title, and interest in and to the Urban Air Marks.

74. UATP's rights in and to the Urban Air Marks predate any rights that Urban Zone could claim in and to the URBAN ZONE and URBAN ZONE ADVENTURE PARK names.

75. Urban Zone's use of the URBAN ZONE and URBAN ZONE ADVENTURE PARK names to refer to the subject indoor amusement park and related services is likely to cause confusion and mistake, and deceive customers about the affiliation, connection, association, approval, endorsement of Urban Zone's indoor amusement park and related services and commercial activities by UATP.

76. Upon information and belief, Urban Zone copied, adopted, and/or uses the URBAN ZONE and URBAN ZONE ADVENTURE PARK names in interstate commerce in furtherance of Urban Zone's willful, deliberate, and bad faith scheme to trade upon the extensive consumer goodwill, reputation, and commercial success of the Urban Air Marks.

77. Upon information and belief, Urban Zone has made, and will continue to make, substantial profits and gain from its use of the URBAN ZONE and URBAN ZONE ADVENTURE PARK names in interstate commerce, to which Urban Zone is not entitled at law or in equity.

78. UATP has not consented to Urban Zone's use of the Urban Air Marks.

79. Urban Zone's acts and conduct complained of herein constitute trademark infringement and unfair competition in violation of New York common law.

80. UATP has suffered, and will continue to suffer, irreparable harm from Urban Zone's acts and conduct complained of herein, unless restrained by law, and UATP has no adequate remedy at law.

81. UATP has been damaged by the acts of Urban Zone in an amount to be proven at trial.

**COUNT IV**

**(Violation of § 43(d) of the Lanham Act, Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d))**

82. The allegations set forth in the preceding paragraphs are incorporated herein by reference.

83. UATP owns all rights in and to the Urban Air Marks.

84. Upon information and belief, Urban Zone registered, or caused to be registered, and is trafficking in and using the Infringing Domain, which is confusingly similar to the Urban Air Marks that were registered prior to, and distinctive at, the time the Infringing Domain was originally registered.

85. Upon information and belief, Urban Zone registered, or caused to be registered, and is trafficking in and using the Infringing Domain for a commercial purpose closely related to UATP's use of its Urban Air Marks.

86. Upon information and belief, through its use of the Infringing Domain, Urban Zone intended to divert consumers from UATP's website to Urban Zone's website for commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the website accessible at the Infringing Domain and Urban Zone's goods and services.

87. Urban Zone has not made any prior use of the Infringing Domain in connection with the *bona fide* offering of any goods or services.

88. Urban Zone's registration, use, and/or trafficking in the Infringing Domain constitutes cybersquatting in violation of Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d))

and has harmed UATP.

89. Urban Zone's conduct has caused and will continue to cause irreparable injury to UATP unless restrained by this Court. UATP is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116 and 1125(d)(1)(C), including, among other injunctive relief, the transfer of the Infringing Domain to UATP, or alternatively, cancellation of Urban Zone's registration of the Infringing Domain.

90. UATP is further entitled to recover its costs, damages and Urban Zone's profits, enhanced as the court deems appropriate and equitable, in amounts to be proven at trial, pursuant to 15 U.S.C. § 1117(a).

91. Instead of damages and profits, UATP may alternatively elect to recover an award of statutory damages under 15 U.S.C. § 1117(d) in an amount of $100,000.

92. Upon information and belief, Urban Zone has acted and is acting intentionally and willfully with direct knowledge of UATP's superior rights, making this an exceptional case justifying an award of attorneys' fees under 15 U.S.C. § 1117.

## COUNT V

**(New York General Business Law (GBL), Section 349)**

93. The allegations set forth in the preceding paragraphs are incorporated herein by reference.

94. Through its advertisement, marketing, promotion, offer to sell and sale of goods and services bearing marks confusingly similar to the Urban Air Marks, Urban Zone has engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers in New York.

95. By the acts described above, Urban Zone has willfully engaged in deceptive acts or

practices in the conduct of business and furnishing of goods in violation of Section 349 of the New York General Business Law.

96. UATP has suffered, and will continue to suffer, irreparable harm from Urban Zone's acts and conduct complained of herein, unless restrained by law, and UATP has no adequate remedy at law.

97. UATP has been damaged by the acts of Urban Zone in an amount to be proven at trial.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, UATP demands a jury trial on all issues so triable in this matter.

## **REQUEST FOR RELIEF**

WHEREFORE, UATP requests judgment against Urban Zone as follows:

A. For Judgment in favor of UATP and against Urban Zone on all claims set forth above;

B. That Urban Zone, its employees, agents, representatives, distributors, sales representatives, and all persons in active concert or participation with it who receive notice of this injunction, shall be enjoined from using the Urban Air Marks in any manner, whatsoever, and, more specifically, from:

1. Referring to Urban Zone's indoor amusement park or related goods and services as URBAN ZONE or URBAN ZONE ADVENTURE PARK or any confusingly similar variation thereof, in any advertisement or promotional activity related to indoor amusement parks or related goods and services;

2. Maintaining an Internet presence or using in any manner websites, URLs, domains, packaging, labels, signs, literature, display cards, packaging, logos, advertising or promotional materials, or other materials that include the term "Urban" or otherwise infringe the Urban Air Marks;

3. Using the Urban Air Marks or any confusingly similar marks in any way;

4. Using the Urban Air Marks or any confusingly similar marks in any manner likely to create the impression that Urban Zone's products and services originate from UATP, are endorsed by UATP, are associated with UATP, or are connected in any way with UATP;

5. Making any statements on promotional materials, advertising or websites that are false or misleading as to source or origin of Urban Zone's goods and services;

6. Committing any acts calculated to or which could conceivably cause consumers to believe that UATP's goods, services, products, properties, trademarks, accolades, validations or other matters belong to Urban Zone;

7. Unfairly competing with UATP in any manner whatsoever; and

8. Causing a likelihood of confusion or injury to UATP's business;

C. That Urban Zone be directed to file with this Court and serve on UATP within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which Urban Zone has complied with the injunction pursuant to 15 U.S.C. § 1116;

D. Order the impounding and destruction of all of Urban Zone's advertising, signage, or other promotional materials, any materials used in the preparation of such items, which in any

way use or make reference to the Urban Air Marks or that otherwise infringe the Urban Air Marks;

E. Order that, within ten (10) days of entry of final judgment, transfer to UATP the domain name registration for the Infringing Domain, and all websites, URLs, social media sites which in any way use or make reference to the Urban Air Marks;

F. Order that the Registrar, upon UATP's request, transfer registration of the Infringing Domain to UATP;

G. Find Urban Zone's infringement to be intentional and willful with direct knowledge of UATP's superior rights;

H. Award to UATP Urban Zone's profits derived from Urban Zone's use of UATP's federally registered Urban Air Marks, and order Urban Zone to account to UATP for the same;

I. Award UATP its actual damages;

J. Treble the award of profits/damages to UATP;

K. Award UATP, at its election, statutory damages for violation of 15 U.S.C. § 1125(d)(1);

L. Award UATP its reasonable attorney's fees, interest and costs; and

M. Award UATP such other and further relief as this Court shall find UATP due under the law or in equity.

DATED: New York, New York
October 3, 2025

By: **STEPTOE LLP**

*/s/ Michael J. Allan*

Michael J. Allan
1330 Connecticut Ave NW
Washington, DC 20036
mallan@steptoe.com

Evan Glassman
1114 Avenue of the Americas
New York, NY 10036
eglassman@steptoe.com

John L. Abramic (*pro hac vice forthcoming)*
227 W Monroe St Suite 4700
Chicago, IL 60606
jabramic@steptoe.com

**SNELL & WILMER**
J. Damon Ashcraft (*pro hac vice forthcoming*)
Daniel M. Staren (*pro hac vice forthcoming*)
One East Washington Street, Suite 2700
Phoenix, AZ 85004
daschraft@swlaw.com
dstaren@swlaw.com

*Attorneys for Plaintiff*